UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN BROWN, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT |
| ENHANCED RECOVERY COMPANY, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiff, KAREN BROWN ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, ENHANCED RECOVERY COMPANY, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and Defendant's conduct harmed Plaintiff in this District.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age, who at all times relevant, resided in the Southern District of Indiana.

5. Defendant is a foreign limited liability company with its principal place of business located at 8014 Bayberry Road, Jacksonville, Florida 32256. Defendant's registered agent in Indiana is CT Corporation System located at 150 West Market Street, Suite 800, Indianapolis, Indiana 46204. Defendant's principal purpose is collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumer across the United States.

## DEFENDANT'S COLLECTION CALLS TO PLAINTIFF'S CELLULAR PHONE

6. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of a cellular telephone with an assigned number ending in 9327. Plaintiff has always been financially responsible for her cellular phone and its services.

7. In April 2015, Plaintiff began receiving calls to her cellular phone from the Defendant.

8. When Plaintiff answered the calls, she experienced a noticeable pause, lasting approximately two to three seconds in length, before a live representative began to speak.

9. During each answered call, Defendant stated that it was a debt collector attempting to collect on a debt.

10. Upon speaking with Defendant's representatives, Plaintiff was informed that it was seeking to collect on a debt allegedly owed by an individual named "Reginald," an individual unknown to Plaintiff.

11. During each answered call, Plaintiff notified Defendant that she is not "Reginald" and that she does not know who "Reginald" is, and demanded that Defendant cease placing calls to her cellular phone.

12. As the calls persisted, Plaintiff called Defendant and reiterated that Defendant was calling the wrong person, that she did not know "Reginald," and again demanded that Defendant cease calls to her cellular phone.

13. Despite Plaintiff's repeated requests that the calls cease, Defendant continued to call Plaintiff on her cellular phone.

14. As a result, in 2016, Plaintiff changed her cellular phone number in an effort to escape Defendant's phone calls. Plaintiff was assigned a new cellular phone number ending in 5092.

15. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of a cellular telephone with an assigned number ending in 5092. Plaintiff is and has always been financially responsible for her cellular phone and its services.

16. Soon after obtaining a new cellular phone number, Defendant somehow obtained Plaintiff's new number and continued to place collection calls to Plaintiff's new cellular phone number.

17. During each answered call to Plaintiff's new cellular phone number, Plaintiff *again* notified Defendant that she is not "Reginald" and that she does not know who "Reginald" is, and requested that Defendant cease the collection calls to her new cellular phone number.

18. Again, Defendant ignored Plaintiff's requests that it cease calls to her cellular phone, and continued its barrage of collection calls to Plaintiff's new cellular phone number.

19. Defendant mainly called Plaintiff's cellular phone numbers using the phone number (800) 875-5143.

20. Upon information and belief, the phone number ending in 5143 is regularly utilized by Defendant during its debt collection practices against consumers in Indiana.

21. During one answered call in which Plaintiff requested the calls cease, Defendant's representative stated that she would take Plaintiff's phone number out of Defendant's system and further stated that she did not know how Defendant obtained Plaintiff's cellular phone numbers.

22. Plaintiff has never provided Defendant with her cellular phone numbers or otherwise consented to Defendant's calls.

23. Between April 2015 and the present day, Defendant placed no less than 100 calls to Plaintiff's cellular phone numbers seeking to collect on the debt allegedly owed by "Reginald."

24. Defendant placed calls to Plaintiff's cellular phone numbers at all times of the day, including multiple calls in a 24 hour period.

25. The frequency of Defendant's calls to Plaintiff's cellular phone has severely disrupted Plaintiff's everyday life and general well-being.

26. Defendant's phone harassment campaign was highly upsetting and inconvenient to Plaintiff and has caused Plaintiff actual harm, including but not limited to, invasion of privacy, the aggravation that accompanies unsolicited telephone calls, emotional distress, increased usage of her cellular phone services and utility services (power), reduced battery life, diminished space for data storage on her cellular phone, and increased risk of personal injury resulting from the distraction caused by the never-ending collection calls.

27. As a result, Plaintiff was forced to expend time and energy to retain counsel as a result of Defendant's conduct and has incurred attorney's fees.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii).

30. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

31. Upon information and belief, based on the pause and lack of prompt human response during the calls Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular phone numbers.

32. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

33. "When evaluating the issue whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually, store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009).

34. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

5

35. Defendant violated the TCPA by placing no less than 100 calls to Plaintiff's cellular phone numbers between April 2015 and the present day, using an ATDS, without her consent.

36. Plaintiff never consented to any of Defendant's calls to her cellular phone numbers because she never provided Defendant with her phone numbers or otherwise had any business relationship with Defendant.

37. Furthermore, as stated above, Plaintiff requested that Defendant cease its calls on multiple occasions to no avail.

38. As pled above, Plaintiff was substantially harmed by Defendant's collection calls to her cellular phone numbers.

39. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to treble damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE Plaintiff, KAREN BROWN, requests that this Honorable Court:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C); and

c. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

42. Upon information and belief, the debt in which Defendant was attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

43. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

    a. **Violations of FDCPA §1692d**

47. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

48. Defendant violated §§1692d and d(5) when it continuously called Plaintiff seeking to collect upon a debt that did not belong to her. This repeated behavior of systematically calling Plaintiff's phone in an attempt to collect a debt owed by an individual unknown to Plaintiff was harassing and abusive.

49. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing the Plaintiff.

50. The fact Defendant was looking to speak with a male named "Reginald," but continuously called Plaintiff, whose name is Karen Brown, is illustrative of Defendant's harassing and abusive practices.

51. Defendant had enough information, as provided by Plaintiff, to be aware of the fact that it was calling the wrong person. Nevertheless, Defendant persisted with its abusive collection practices by placing no less than 100 calls to Plaintiff's cellular phone numbers from April 2015 through the present.

### b. Violations of FDCPA §§1692f and 1692e

52. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

53. Defendant violated §1692f by employing unfair and unconscionable means to attempt to collect on a debt not belonging to Plaintiff by placing no less than 100 collection calls to Plaintiff's cellular phone numbers from April 2015 through the present.

54. Defendant unfairly and unconscionably attempted to coerce Plaintiff into paying a debt that does not belong to her by placing relentless phone calls after becoming privy to the fact that it was contacting the wrong person and after Plaintiff had requested that the calls cease.

55. Pursuant to §1692e of the FDCPA, a debtor collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

56. Defendant violated §1692e by falsely representing, through implication, that Plaintiff was liable for the debt that was allegedly owed by "Reginald" when it continued its collection efforts targeted at Plaintiff after it obtained knowledge that Plaintiff was not "Reginald." The continued collection calls to Plaintiff created a false impression that Plaintiff is liable for the debts of "Reginald."

57. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

WHEREFORE Plaintiff, KAREN BROWN, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: October 30, 2017　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Mohammed Omar Badwan*
　　　　　　　　　　　　　　　　　　　　　　　Mohammed Omar Badwan, Esq.
　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*
　　　　　　　　　　　　　　　　　　　　　　　Admitted in the Southern District of Indiana
　　　　　　　　　　　　　　　　　　　　　　　SULAIMAN LAW GROUP, LTD.
　　　　　　　　　　　　　　　　　　　　　　　2500 South Highland Avenue
　　　　　　　　　　　　　　　　　　　　　　　Suite 200
　　　　　　　　　　　　　　　　　　　　　　　Lombard, Illinois 60148
　　　　　　　　　　　　　　　　　　　　　　　(630) 575-8180 (phone)
　　　　　　　　　　　　　　　　　　　　　　　(630) 575-8188 (fax)
　　　　　　　　　　　　　　　　　　　　　　　mbadwan@sulaimanlaw.com