UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN BROWN,<br><br>Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC,<br><br>Defendant. | No. 1:17-cv-03980-SEB-MJD<br><br>Honorable Sarah E. Barker<br><br>Honorable Mark J. Dinsmore<br>Magistrate Judge |

**CASE MANAGEMENT PLAN**

**I. Parties and Representatives**

A. Parties

Plaintiff:
Karen Brown

Defendant:
Enhanced Recovery Company, LLC

B. Representatives

For Plaintiff:

**Mohammed O. Badwan**
**Ahmad T. Sulaiman**
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
Phone: 630-575-81810
Fax: 630-575-8188
Email: mbadwan@sulaimanlaw.com
Email: ahmad.sulaiman@sulaimanlaw.com

For Defendant:

**Patrick B. Healy**
Lewis Brisbois Bisgaard & Smith LLP
909 Wright's Summit Pkwy., Ste. 230
Ft. Wright, KY 41011
Phone: 859-663-9830
Fax: 859-663-9829
Email: patrick.healy@lewisbrisbois.com

**II. Jurisdiction and Statement of Claims**

A. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

B. Plaintiff has brought a two count complaint against Defendant. Count one of the complaint alleges violations of the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227(b)(1)(iii) related to Defendant's alleged use of an automatic telephone dialing system ("ATDS") in making collection calls to Plaintiff's cellular phone without her consent. Plaintiff alleges she never provided Defendant with her cellular phone numbers or otherwise had any business relationship with Defendant. Count two of the complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §§1692d, d(5) and e related to Defendant's alleged attempts to collect a debt from Plaintiff that is owed by a third party that is unknown to Plaintiff.

C. Defendant states that it is not liable in this matter. It denies that it violated the TCPA and the FDCPA. It disputes the nature and extent of Plaintiff's alleged damages. Defendant contends that its calls to telephone number ending 5092 did not violate the TCPA because the calls were not made using an automatic telephone dialing system as that term is defined under the TCPA. Defendant's calls to telephone number ending 5092 were proper at all times and in accordance with all the laws including the FDCPA and TCPA. Additional affirmative defenses are contained in Defendant's Answer to Plaintiff's Complaint.

## III.  Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **February 9, 2018.**

B. Plaintiff shall file preliminary witness and exhibit lists on or before **February 16, 2018**.

C. Defendant shall file preliminary witness and exhibit lists on or before **February 23, 2018**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **April 13, 2018**.

E. Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **February 23, 2018**. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto **within 21 days after receipt of the demand**. The parties are instructed to email Magistrate Judge Dinsmore a copy of the settlement demand and response thereto to **MJDinsmore@insd.uscourts.gov.**

F. Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **June 8, 2018**. Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **June 29, 2018**.

G. Omitted.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **January 11, 2019**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **June 29, 2018**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI"). The parties do not anticipate a large volume of ESI to be sought. Unless otherwise agreed by the parties or ordered by the Court, all electronically stored information will be produced in .pdf format, unless native format is requested by the opposing party, in which event the documents will be produced in their native format.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. Discovery[1] and Dispositive Motions

A. On or before **August 17, 2018**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

B. Dispositive motions are expected and shall be filed by **September 7, 2018**; all discovery shall be completed by **August 10, 2018**.

Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

## V. Pre-Trial/Settlement Conferences

The parties recommend a settlement conference in August, 2018.

## VI. Trial Date

This matter will be ready for trial in or after **June, 2019**. The trial is by **jury** and is anticipated to take **three (3) days**.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

---

[1] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the

       objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

**None at this time.**

KAREN BROWN,

*s/ Mohammed O. Badwan*
Mohammed O. Badwan
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
Phone: 630-575-8181
Fax: 630-575-8188
Email: mbadwan@sulaimanlaw.com

ENHANCED RECOVERY COMPANY, LLC

*s/ Patrick B. Healy*
Patrick B. Healy
Lewis Brisbois Bisgaard & Smith LLP
909 Wright's Summit Pkwy., Ste. 230
Ft. Wright, KY 41011
Phone: 859-663-9830
Fax: 859-663-9829
Email: patrick.healy@lewisbrisbois.com

********************************************************************************

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON____________FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY________________MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) ________________OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY________________MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY____________________ON ______________________________. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR_______________________________________AT .M., ROOM__________________. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____________________AT_________.M. COUNSEL SHALL APPEAR:<br><br>______________IN PERSON IN ROOM_________; OR<br><br>______________BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT ( _) ____________________; OR<br><br>______________BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) ____________________; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **September 7, 2018**; all discovery shall be completed by **August 10, 2018**. |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered as Amended.**

Dated: 26 JAN 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.