UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KAREN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-03980-SEB-MJD |
| | ) | |
| ENHANCED RECOVERY COMPANY, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PENDING MOTIONS**

This cause is now before the Court on Defendant's Motion for Attorney Fees and Costs [Docket No. 41], filed on July 20, 2018.[1]  For the reasons detailed below, Defendant is awarded its costs, but not its attorney fees.

**Factual and Procedural Background**

On October 30, 2017, Plaintiff Karen Brown brought this lawsuit against Defendant Enhanced Recovery Company, LLC, alleging that Defendant violated the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA), 42 U.S.C. § 227.  Her claims arose from a

---

[1] After the parties completed their summary judgment briefing in this case, Plaintiff filed two motions for leave to file supplemental authority [Docket Nos. 49 and 52] on September 14, 2018 and October 15, 2018, respectively, in order to bring to the court's attention two district court cases in which Defendant filed nearly identical motions for attorney fees, both of which were denied by the respective district courts.  We DENY Plaintiff's September 14, 2018 motion [Dkt. 49] because the authority tendered does not include the procedural history of the case or the circumstances surrounding the decision to deny fees; we are therefore unable to assess its relevance to the facts presented in this case.  Because the second authority tendered by Plaintiff does provide context and thus informs our decision on attorney fees here, Plaintiff's October 15, 2018 motion [Dkt. 52] is hereby GRANTED.

1

series of telephone calls placed by Defendant to Ms. Brown in an attempt to collect a debt owed by someone other than Ms. Brown.  In her complaint, Ms. Brown alleges that Defendant placed "no less than 100" collection calls to her cellular telephone using a predictive dialing system.  Comp. ¶¶ 23, 31.  On May 18, 2018, after the parties had conducted discovery and exchanged written discovery responses, Ms. Brown moved to voluntarily dismiss her complaint because discovery had revealed that Defendant had in fact placed only thirteen calls to her telephone number.  In her motion to dismiss, Ms. Brown indicated that she apparently confused calls placed by other debt collectors and that, given the low volume of collection calls actually made by Defendant, she no longer believes she could establish an FDCPA violation.  Ms. Brown likewise moved to dismiss her claim brought pursuant to the TCPA, explaining that she no longer believes that she could prove such a claim without incurring significant expert witness fees in light of a "recent court ruling in another federal jurisdiction" in which the court found that the same dialing system Ms. Brown alleges was used by Defendant to call her was not an automatic telephone dialing system ("ATDS") as defined by the TCPA.

     Defendant originally objected to the voluntarily dismissal, but subsequently withdrew its objection on July 2, 2018, approximately two weeks after the Magistrate Judge ordered Defendant's chief executive officer to appear in person for a scheduled settlement conference.  The Court granted Plaintiff's motion to dismiss on July 6, 2018.  Defendant now seeks $11,000 in attorneys' fees and costs incurred in the defense of this action, contending that Ms. Brown and her counsel, Mohammed O. Badwan from the Sulaiman Law Group, prosecuted this case in bad faith and for the purpose of harassment.

2

Specifically, Defendant seeks recovery of its fees and costs against Ms. Brown and the Sulaiman Law Group, pursuant to 15 U.S.C. § 1692k(a)(3), and against the Sulaiman Law Group under 28 U.S.C. § 1927, and/or based on the Court's inherent authority.

## Legal Analysis

### I.     Applicable Legal Standard

The FDCPA provides that an award of reasonable attorney fees to a defendant is available if the action "was brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3). The Seventh Circuit has ruled that to be awarded fees, the defendant must establish that the "entire lawsuit" and not just a single claim was brought in bad faith and for the purpose of harassment. *Horkey v. J.V.D.B. & Assoc., Inc.*, 333 F.3d 769, 775 (7th Cir. 2003).

Under 28 U.S.C. § 1927, a court may "sanction an attorney who 'multiplies the proceedings unreasonably and vexatiously' by requiring the attorney to 'satisfy personally' the excess costs (including fees) 'reasonably incurred because of such conduct.'" *Boyer v. BNSF Railway Co.*, 824 F.3d 694, 708 (7th Cir. 2016) (quoting 28 U.S.C. § 1927). A finding of subjective or objective bad faith will support such a sanction under § 1927. *Id.* "[A] lawyer engages in bad faith by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law…." *Id.* (quoting *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985).

The court also "has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may

3

impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). Sanctions imposed based on the court's inherent authority "must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Id.* The Seventh Circuit has made clear that the court's inherent authority "is a residual authority, to be exercised sparingly," only when the offending conduct is "not adequately dealt with" by other rules and statutes. *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co.*, 313 F.3d 385, 391 (7th Cir. 2002).

**II.     Discussion**

    **A.     Attorney Fees**

Defendant contends that Ms. Brown and her counsel acted in bad faith and for the purpose of harassment by pursuing claims under the FDCPA and the TCPA that they knew were meritless. For the reasons and in the ways detailed below, we hold that the record before us does not support a finding that Ms. Brown, Mr. Badwan, or the Sulaiman Law Group acted in bad faith or to harass Defendant in pursuing this litigation or that Mr. Badwan unreasonably and vexatiously multiplied the proceedings through reckless conduct. Accordingly, we will not order them to reimburse Defendant's attorney fees.

    **1.     FDCPA Claim**

With regard to her FDCPA claim, Ms. Brown's complaint alleges that Defendant had called her telephone number "no less than 100 times" attempting to collect on a debt owed by someone else, despite knowing that it was the wrong number and having previously been asked to stop. Ms. Brown asserts that this conduct violated §§ 1692d, d(5), 1692e, and 1692f of the FDCPA. Discovery revealed that Defendant had in fact called Ms. Brown's number without her consent in an effort to collect a debt from an unknown party, but that only thirteen such calls had been placed to Ms. Brown's cell phone, as opposed to the more than 100 calls alleged in the complaint, and also that the calls ceased after Ms. Brown telephoned Defendant on September 1, 2017 asking that the debt collector stop making such calls. Once discovery revealed this discrepancy in the number of calls, which Plaintiff admits weakened her claims of abusive and unconscionable debt collection practices, she moved to voluntarily dismiss her FDCPA claims.

These facts do not support a finding of bad faith or that the lawsuit was filed for the purpose of harassment. In response to the instant motion, Ms. Brown has averred by affidavit that in the months leading up to the filing of her complaint, she had been receiving calls from various debt collectors and that, at the time her complaint was filed, she believed in good faith that it was Defendant who had placed more than 100 calls to her telephone number and that in 2016 she had also requested that the company stop calling her. She believes that she must have "confounded" the calls received from Defendant with calls she had received from another debt collector during that same time

5

period. There is no evidence in the record before us that Ms. Brown concocted or falsified these explanations. She admits she was mistaken.

Nor has Defendant shown that Mr. Badwan or the Sulaiman Law Group had reason to know of Ms. Brown's error in estimating the number of calls she received at the time the complaint was filed. To support its claim of bad faith, Defendant relies heavily on the fact that on the same day that Mr. Badwan filed the complaint in this action, he filed a "virtually identical" complaint against another debt collector, Northland Group, LLC, in Case No. 1:17-cv-03981-TWP-DML. Def.'s Br. at 7. According to Defendant, the similarities between the two complaints show that "[t]here certainly is at least the possibility that Mr. Badwan did not consult with his client before filing the Complaint." *Id.* at 11. Defendant's conclusion is buttressed by the fact that the Salaimun Law Group has a business relationship with Eva Street Advisors, a third party lead generator who recruits clients for the firm and who Defendant claims has on at least one prior occasion signed a client for Salaimun before the client consulted with an attorney in the practice.

Defendant concedes, however, that there is no evidence that Eva Street Advisors recruited Ms. Brown or otherwise had any involvement in this case. Ms. Brown has averred by affidavit that she found the Salaimun Law Group and Mr. Badwan via an Internet search and that she had numerous telephone conferences with her attorneys before filing her complaint. Without evidence on any involvement by Eva Street Advisors here, the fact that Sulaimun Law Group may have used that company on prior occasions does not constitute or demonstrate bad faith here. Nor does the fact that Mr.

6

Badwan filed on Ms. Brown's behalf complaints containing very similar factual allegations against two separate debt collectors establish bad faith. Ms. Brown testified that, during the time period relevant to this litigation, she had received debt collection calls from a number of debt collectors seeking to collect on debts that were not hers. Perhaps the fact that both lawsuits filed by Mr. Badwan involved similar conduct and alleged identical claims explains the similarity of allegations in the two complaints.[2]

It is undisputed that, if true, the allegations in Ms. Brown's complaint would suffice to state a claim under the FDCPA. Defendant has failed to establish that at the time the complaint was filed Ms. Brown intentionally misstated the number of calls she had received from Defendant. Similarly, Defendant has failed to establish that Mr. Badwan and the Sulaiman Law Group had reason to believe Ms. Brown was misstating the number of calls and yet filed the complaint containing those assertions. Defendant does maintain that Mr. Badwan failed to engage in a proper investigation of Ms. Brown's allegations before filing the complaint in this action, but this claim is based on nothing more than conjecture. Ms. Brown testified that she had had several conversations with her attorneys before the complaint was filed; Defendant has presented no evidence to contradict this representation. Thus, Defendant's efforts to establish that Ms. Brown's FDCPA claim was filed in bad faith and with the purpose of harassment and that Plaintiff

---

[2] Defendant also pins its bad faith claim to its belief that Ms. Brown is an "experienced litigant" and Mr. Badwan is an "experienced consumer attorney" and therefore they both should have understood the importance of making factually accurate allegations.

and her counsel willingly abused the judicial process or otherwise engaged in conduct tantamount to bad faith fall critically short.

Defendant's efforts falter as well in establishing that Mr. Badwan and the Sulaiman Law Group unreasonably and vexatiously multiplied the proceedings in this case. Because "Section 1927 creates a continuing obligation for attorneys to dismiss claims that are no longer viable," *Schumacher v. Credit Protection Ass'n*, No. 4:13-cv-00164-SEB-DML, 2015 WL 5786139, at *13 (S.D. Ind. Sept. 30, 2015) (citations omitted), Plaintiff's counsel took that required step; indeed, he might have subjected himself to sanctions under §1927 had he continued to pursue Ms. Brown's FDCPA claims after receiving information in discovery that demonstrated those claims were likely no longer viable.

For these reasons, Defendant is not entitled to attorney fees based on any conduct related to the FDCPA claims.

### 2. TCPA Claim

Defendant also contends that Ms. Brown and her counsel acted in bad faith in filing the TCPA claim. The TCPA prohibits only those calls made by use of an automated telephone dialing system ("ATDS"). 47 U.S.C. § 227(b)(1)(A). Defendant argues that at the time Mr. Badwan filed Ms. Brown's complaint, the Sulaiman Law Group knew based on discovery in prior cases it had filed against Defendant that Defendant had in the past utilized an HCI LiveVox system and it also knew that every court that has considered the issue has ruled that the HCI LiveVox system is not an

8

ATDS. Knowing this, Ms. Brown's attorneys knew before filing this complaint that the TCPA claim was meritless and would be asserted in bad faith.

We disagree. Even if Mr. Badwan had had knowledge from prior unrelated litigation that in the past Defendant had utilized the HCI LiveVox dialing system, there is no evidence that Mr. Badwan knew at the time this complaint was filed that Defendant had utilized the HCI LiveVox system and only that system, to the exclusion of all others. Further, while it is true that the four district courts that have addressed this issue have all held that the HCI LiveVox system is not an ATDS,[3] none of these decisions constituted binding authority here. Thus, "the relevant case law Defendant identifies does not render inescapable the conclusion that HCI LiveVox is a non-automatic dialer." *Mattson v. Enhanced Recovery Company, LLC*, No. 1:17-CV-04895, Dkt. 50 at 5 (N.D. Ill. Oct. 11, 2017) (denying a motion for attorney fees filed by Enhanced Recovery Company against Sulaiman Law Group under similar circumstances). Ms. Brown and her counsel were entitled to litigate that issue in this forum and the fact that they chose to do so by filing the TCPA claim is in no way indicative of bad faith.

We are not persuaded by Defendant's argument that the reason given for the subsequent voluntary dismissal of Ms. Brown's TCPA claim was disingenuous or false

---

[3] These four cases are: *Arora v. Transworld Sys. Inc.*, No. 15-cv-4941, 2017 WL 3620742, at *3 (N.D. Ill. Aug. 23, 2017); *Schlusselberg v. Receivables Performance Mgmt., LLC*, No. CV 15-7572(FLW), 2017 WL 2812884, at *4 (D.N.J. June 29, 2017); *Smith v. Stellar Recovery, Inc.*, No. 15-cv-11717, 2017 WL 1336075, at *5–*7 (E.D. Mich. Feb. 7, 2017) *R&R adopted by* 2017 WL 955128, at *3 (E.D. Mich. Mar. 13, 2017); and *Pozo v. Stellar Recovery Collection Agency, Inc.*, No. 8:15-cv-929-T-AEP, 2016 WL 7851415, at *4–*6 (M.D. Fla. Sept. 2, 2016).

and thus tends to show that the initial filing of the claim was in bad faith. As noted above, Ms. Brown moved to voluntarily dismiss her TCPA claim on the grounds that, in light of a recent court ruling holding that the HCI LiveVox system was not an ATDS, she had formed the opinion that she could not prove that claim without incurring significant expert witness fees. Defendant challenges the credibility of this explanation given that all four of the district court opinions addressing the issue had been published before Ms. Brown's complaint was filed. Defendant argues that she had to have known before she filed suit that she would need to incur significant expert witness fees in an effort to prove her TCPA claim.

Defendant's argument ignores the fact that Ms. Brown and her counsel did not learn until they received discovery from Defendant that it had in fact made only thirteen calls to Ms. Brown, not the more than 100 calls alleged in her complaint. The TCPA allows for a recovery of up to $1,500 for each call made using an ATDS. 47 U.S.C. § 227(b)(3). Accordingly, based on the allegations in Ms. Brown's complaint, her potential recovery on the TCPA claim might have been $150,000 (100 calls multiplied by 1,500). Based on the discovery, however, it became clear that at most she could recover $19,500 (13 calls multiplied by 1,500). Ms. Brown and her attorney might have been willing to incur significant expert witness fees to prove that Defendant used an ATDS to call Ms. Brown when they believed the TCPA claim was worth up to $150,000, but understandably they were no longer willing to incur such fees when they learned that Ms. Brown's potential recovery would be capped at $19,500. Such litigation strategizing

10

does not establish bad faith in bringing the TCPA claim or in their subsequent decision to dismiss it. Similarly, there is no evidence that Mr. Badwan unreasonably and vexatiously multiplied the proceedings by filing the TCPA claim, since he did not know it was meritless at the time. Defendant's request for attorney fees on these grounds is therefore denied.

### B.   Costs

Despite the denial of an award of attorney fees, we will, however, award Defendant its costs. *See Mother and Father v. Cassidy*, 338 F.3d 704, 710 (7th Cir. 2003) (voluntary dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(2) renders the defendant the prevailing party within the meaning of Fed. R. Civ. P. 54, entitling the defendant to costs unless the defendant is guilty of misconduct or the plaintiff is found to be indigent). Here, the Plaintiff moved to dismiss her case with prejudice pursuant to Rule 41(a)(2) and the Court granted that motion. Accordingly, Defendant is entitled to the costs it seeks, which is, as indicated, a total of $200.00.

## III.  Conclusion

For the reasons detailed above, we GRANT IN PART and DENY IN PART Defendant's Motion for Attorney Fees and Costs. Defendant is awarded its costs, which

total $200.00, but not its attorney fees.

    IT IS SO ORDERED.

Date: __11/20/2018__           _[signature]_ Sarah Evans Barker

                                                  SARAH EVANS BARKER, JUDGE
                                                  United States District Court
                                                  Southern District of Indiana

Distribution to counsel of record via CM/ECF